UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DEANNA REISTER, and
HOWARD MAYFIELD,

      Plaintiffs,

v.

DAVID L. KACZOR,

      Defendant.
_____/

Case No. 1:05-CV-602

Hon. Richard Alan Enslen

**JUDGMENT**

      This matter is before the Court to determine whether there is subject matter jurisdiction over this suit. Because it plainly appears from the Complaint that subject matter jurisdiction is lacking, the Complaint will be dismissed without prejudice so the suit may be re-filed in state court. *See* Fed. R. Civ. P. 12(h)(3); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

      Plaintiffs Deanna Reister and Howard Mayfield's *pro se* suit relates to a former state criminal prosecution in which Defendant attorney David L. Kaczor represented them. According to the Complaint, Defendant's billings for the representation were variously misrepresented, in violation of the Michigan Rules of Professional Conduct, deceptive, a breach of his legal duties to them, and constituted malpractice. Plaintiffs allege that attorney Kaczor retained $10,000 of fees which he did not earn. Plaintiffs acknowledge, however, that state ethical complaints premised on the same conduct have been previously dismissed. The claims asserted in the instant Complaint are state law claims. *See, e.g., Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 594 (6th Cir. 1999). No allegation of a constitutional violation is made against Defendant, nor if one were made, could it be sustained since a privately retained-attorney licensed by the state is not deemed a state actor for the

purpose of liability under 42 U.S.C. § 1983.  *See Bilal v. Kaplan,* 904 F.2d 14, 15 (8th Cir. 1990) (per curiam); *Schlomann v. Ramsdell,* 720 F.2d 20, 21 (8th Cir. 1983) (per curiam).  Furthermore, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332.  While one of the Plaintiffs resides in Pennsylvania, the second resides in Michigan (the residence of Defendant) so as to destroy complete diversity of citizenship and diversity jurisdiction under 28 U.S.C. § 1332.  *See Safeco Ins. Co. of Am. v. City of White House,* 36 F.3d 540, 545 (6th Cir. 1994).

**THEREFORE, IT IS HEREBY ORDERED** that the instant suit is **DISMISSED WITHOUT PREJUDICE** due to lack of subject matter jurisdiction.

|  |  |
|---|---|
|  | /s/ Richard Alan Enslen |
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
| September 22, 2005 | SENIOR UNITED STATES DISTRICT JUDGE |